**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stefanos Pontikis, | No. CV-22-02061-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Lucid USA Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant Lucid USA, Inc.'s Partial Motion to Dismiss (Doc. 18) and Plaintiff Stefanos Pontikis' Motion to Strike Defendant's Partial Motion to Dismiss (Doc. 24). Defendant's request for a joinder of an additional party (Doc. 18 at 8-10) is construed by the Court as a Motion. For the following reasons, the Defendant's Partial Motion to Dismiss is granted, and Plaintiff's Motion to Strike and Motion for Joinder are denied.

## BACKGROUND

Plaintiff started work as a Logistics Operations Supervisor at Lucid's Casa Grande, AZ, location on January 4, 2021. (Doc. 1-1 at 32.) A few weeks later, Plaintiff tested positive for the coronavirus and informed his supervisor David Tasker. (*Id.* at 33.) Tasker instructed Plaintiff to make a false statement to Lucid's Human Resources Department ("HR") about the extent of his contact with other Lucid employees immediately prior to his diagnosis. (*Id.* at 33.) Plaintiff complied, (*Id.* at 33), but thereafter corrected the

statement, (*Id.* at 34).

On February 8, 2021, Plaintiff met with Craig Watson, Defendant's Senior Logistics Manager, and told Mr. Watson that he lied to HR. (*Id.* at 33.) Two days later, Plaintiff informed HR about his false statement. (*Id.* at 34.) An investigation was launched, all involved employees were interviewed, and on March 18, 2021, the investigation concluded. (*Id.*)

During that same month, Plaintiff alleges that he started experiencing retaliation in various forms. (*Id.* at 34-39.) On March 23, 2021, Plaintiff emailed HR regarding his work relationship with Tasker and the work environment. (*Id.* at 37.) Plaintiff raised concerns about a hostile and toxic work atmosphere. (*Id.* at 38.) He also shared screenshots of messages from the employee group chat in which he was not a member. (*Id.* at 38.) As a result, HR commenced a second investigation. (*Id.* at 38.) Two days later, Watson informed Plaintiff that Plaintiff was no longer being considered for a promotion. (*Id.* at 39.) Plaintiff feared that he was going to be terminated and believed the work conditions were unbearable, so he submitted a letter of resignation on April 10, 2021. (*Id.* at 39.)

On September 30, 2022, Plaintiff filed a Complaint in Pinal County Superior Court of Arizona. (Doc. 1-1 at 3, 59.) On November 4, 2022, Plaintiff filed his First Amended Complaint alleging Defendant's (1) failure to provide paid sick time in violation of A.R.S. § 23-373, (2) unlawful retaliation in violation of A.R.S. § 23-374 and enforcement pursuant to A.R.S. § 23-364, and (3) intentional infliction of emotional distress. (Doc. 1-1 at 31.) On December 5, 2022, Defendant moved its matter to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. (Doc. 1 at 1.) On December 13, 2022, Plaintiff filed his Second Amended Complaint. (Doc. 14.)

In response, Defendant filed its Partial Motion to Dismiss Plaintiff's Second Amended Complaint and third cause of action for intentional infliction of emotional distress. (Doc. 18.) Plaintiff then filed a Motion to Strike Defendant's Partial Motion to Dismiss. (Doc. 24.)

///

**DISCUSSION**

**I.     Motion to Dismiss Second Amended Complaint**

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff filed his First Amended Complaint (Doc. 1-1 at 31) as a matter of course in Pinal County Superior Court of Arizona. On December 13, 2022, Plaintiff filed notice of his Second Amended Complaint (Doc. 14) with this Court. Plaintiff did not request Defendant's written consent or leave from the Court to file his Second Amended Complaint. Thus, Plaintiff's Second Amended Complaint (Doc. 14) is stricken.

Contrary to Plaintiff's assertion, the Complaint's removal to this Court does not allow him additional opportunities to amend his Complaint as a matter of right. *See Mijares v. Ryder Truck Rental, Inc.*, No. CV 20-1328-MWF (KS), 2020 WL 1912217, at *4 (C.D. Cal. Apr. 17, 2020) ("[I]f a plaintiff files a first amended complaint as of right in state court before removal, a plaintiff may not again amend its complaint without first obtaining either the opposing party's written consent or leave of court."); *Hanks v. Harper*, No. CV-19-03174-PHX-DLR, 2019 WL 6050229, at *2 (D. Ariz. Nov. 15, 2019) ("Plaintiff filed multiple amendments to his complaint prior to removal and, therefore, was required to obtain Defendants' consent or the Court's permission prior to filing his latest amendment."); *see also Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002) ("When a state court action is removed to federal court, the removal is treated as if the original action had been commenced in federal court."). The attempted filing of his Second Amended Complaint is therefore ineffectual. Defendant's Partial Motion to Dismiss (Doc. 18), will be applied to Plaintiff's First Amended Complaint. (Doc. 1-1 at 31.)

**II.    Motion to Dismiss Intentional Infliction of Emotional Distress Claim**

   **A. Legal Standard**

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.

8(a), so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id.*  When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Buckey v. Cnty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  Legal conclusions couched as factual allegations, however, are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### B. Analysis

Plaintiff fails to state a claim for intentional infliction of emotional distress.  To establish a claim for intentional infliction of emotional distress, a plaintiff must allege (1) extreme and outrageous conduct by the defendant, (2) either the defendant's intent to cause emotional distress or reckless disregard to "the near certainty that such distress will result from" the defendant's conduct, and (3) severe emotional distress as a result of the defendant's behavior.  *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (Ariz. 1987).  In reality, Plaintiff's pleading does not satisfy any of the three elements.

To satisfy the first element, a plaintiff must show that the defendant's acts were "beyond all possible bounds of decency, . . . atrocious[,] and utterly intolerable in a civilized community." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554, 905 P.2d 559, 563 (Ariz. Ct. App. 1995).  Evidence of insensitivity and cruel disregard for others is insufficient.  *See id.* at 555, 905 P.2d at 564.  In Paragraph 84 of the Amended Complaint (Doc. 1-1 at 44), Plaintiff sets forth the retaliatory acts which he alleges resulted in intentional infliction of emotional distress.  They include: being passed up for a promotion, being publicly reprimanded, prohibiting one other Lucid employee from speaking with Plaintiff, making negative comments about him to other employees,

1   expressing an intent to terminate Plaintiff to his co-employees, and ostracizing him from
2   work-related conversations.  (Doc. 1-1 at 44.)  To be sure, these allegations, which do
3   amount to a retaliation claim, do not amount to a claim for the intentional infliction of
4   emotional distress as a matter of law.  *See Midas Muffler Shop v. Ellison*, 133 Ariz. 194,
5   196, 198, 199, 650 P.2d 496, 498, 500, 501 (Ariz. Ct. App. 1982) (holding that six
6   "vicious," "nasty" phone calls over the period of three months that upset the plaintiff, made
7   her cry, and caused difficulty in sleeping, "was not so extreme and outrageous as to permit
8   recovery"); *Mintz*, 183 Ariz. at 554, 905 P.2d at 563 (concluding that an employer's failure
9   to promote an employee "does not go beyond all possible bounds of decency, even if it was
10  motivated by . . . retaliation").

11       As *Mintz* notes, "[i]t is extremely rare to find conduct in the employment context
12  that will rise to the level of outrageousness necessary to provide a basis for recovery for
13  the tort of intentional infliction of emotional distress."  *Mintz*, 183 Ariz. at 554, 905 P.2d
14  at 563.  Plaintiff's Amended Complaint fails to do so here.  Even if the Amended Complaint
15  did allege outrageous conduct, it does not sufficiently allege facts from which a reasonable
16  juror could infer either Defendant's intent "to cause emotional distress or reckless disregard
17  [to] the near certainty that such distress will result from" Defendant's conduct.  *See Ford*,
18  153 Ariz. at 43.  Nor does it sufficiently allege severe emotional distress resulting from
19  Defendant's behavior.

20       These allegations under Arizona law, are simply insufficient to rise to the level of
21  outrageousness as required by Arizona law to state a claim for the tort.  To state an
22  intentional infliction claim—especially in the employment context—the conduct alleged
23  must be considerably more serious than Plaintiff has alleged here.  *Cf. Ford*, 153 Ariz. at
24  44, 734 P.2d at 586 ("We hold that [] failure to take appropriate action in response to
25  [continuous] complaint[s] of sexual harassment [] constitute[s] the tort of intentional
26  infliction of emotional distress."); *Lucchesi v. Frederic N. Stimmell, M.D., Ltd.*, 149 Ariz.
27  76, 78, 716 P.2d 1013, 1015 (1986) (A doctor's "failure to attend the delivery and his
28  decision not to inform the [parents] of the full details surrounding their child's birth [and

1  decapitation], created a factual issue as to whether the conduct was so extreme and
2  outrageous as to support a claim for intentional or reckless infliction of emotional
3  distress."); *Savage v. Boies*, 77 Ariz. 355, 358, 272 P.2d 349, 351 (1954) ("[W]hen an
4  officer in accomplishing an arrest falsely represents to a mother that her seven-months-old
5  child is in the hospital as a result of critical injuries suffered in an automobile accident, a
6  jury would be justified in finding that emotional distress . . . is substantially certain to be
7  produced by such conduct.").

8  Therefore, Plaintiff fails to state a claim for intentional infliction of emotional
9  distress.

### III.  Motion to Add a Necessary Party

Contrary to Defendant's assertion, it could recover taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1) from Plaintiff's community assets should it prevail in this case. Section 25-214(C) allows either spouse to bind the marital community. A.R.S. § 25-214(C). As the party who initiated the suit, Plaintiff's assets may "be applied against the award of [] costs even though those assets may be community property." *See Greer v. T.F. Thompson & Sons, Inc.*, No. CV-10-799-PHX-SMM, 2013 WL 4512055, at *4 (D. Ariz. Aug. 26, 2013); *accord Waesche v. Embry-Riddle Aeronautical Univ. Inc.*, No. CV-21-08020-PCT-DLR, 2021 WL 1862824, at *1 (D. Ariz. May 10, 2021) ("[A]s a party that initiated this case—rather than a party defending against an action to enforce a debt or obligation on the community—[the plaintiff] has the power to bind the entire community should an attorneys' fees judgment arise from [the plaintiff's] own actions in filing this suit."). Hence, an order awarding costs to Defendant would be enforceable against Plaintiff's marital community.

Thus, Plaintiff's spouse is not a necessary party under Federal Rule of Civil Procedure 19.

### IV.  Motion to Strike

Plaintiff moves to strike Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(f). (Doc. 24.) But, Rule 12(f) applies to pleadings, not motions.

Fed. R. Civ. P. 12(f) ("The court may strike [] *a pleading* . . . .") (emphasis added); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of [Rule 12(f)], only pleadings are subject to motions to strike."). *Compare* Fed. R. Civ. P. 7(a) (describing pleadings), *with* Fed. R. Civ. P. 7(b) (describing motions). Accordingly, Rule 12(f) does not authorize this Court to strike Defendant's Motion to Dismiss, and Plaintiff's Motion to Strike is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 18) Plaintiff's Second Amended Complaint (Doc. 14) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 18) Count Three of Plaintiff's First Amended Complaint (Doc. 1-1 at 43-46) is **GRANTED** without prejudice. Plaintiff shall have thirty days from the date of this order to amend Count Three of his First Amended Complaint.

**IT IS FURTHER ORDERED** that Defendant's Motion to Join a Necessary Party (Doc. 18 at 10-11) is **DENIED.**

**IT IS FURTHER ORDERED** Plaintiff's Motion to Strike (Doc. 24) Defendant's Partial Motion to Dismiss (Doc. 18) is **DENIED.**

Dated this 19th day of September, 2023.

G. Murray Snow
Chief United States District Judge