**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stefanos Pontikis,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Lucid USA Incorporated,<br><br>　　　　　Defendant. | No. CV-22-02061-PHX-GMS<br><br>**ORDER** |

Pending before the Court are: (1) Defendant Lucid USA, Inc.'s Motion to Strike Allegations in the Second Amended Complaint (Doc. 48); (2) Plaintiff Pontikis's (Motion) Application and Request for Entry of Default and Motion for Default Judgment Against Defendant Lucid Motors USA, Inc. (Doc. 49); (3) Plaintiff Pontikis's Proposed Motion for Sanctions Under Rule 11 (Doc. 50); (4) Plaintiff Pontikis's Motion for Sanctions Fed. R. Civ. P. 11 (Doc. 60); (5) Plaintiff Pontikis's Motion for Judgment on the Pleadings (Doc. 67) and (6) Defendant Lucid's Motion to Strike Plaintiff's Motion for Judgment on the Pleadings (Doc. 68).

**IT IS ORDERED** that the Motions are decided as follows:

### 1. Lucid USA's Motion to Strike (Doc. 48)

On September 19, 2023, this Court dismissed Plaintiff's Second Amended Complaint because Plaintiff had not obtained leave to file it. The Court also granted Plaintiff's Partial Motion to Dismiss Plaintiff's First Amended Complaint, and dismissed

Count Three of that First Amended Complaint. The Court gave Plaintiff thirty days in which to amend Count Three of his First Amended Complaint. (Doc. 42 at 7). The next day Plaintiff filed his Second Amended Complaint. That Complaint deleted Count Three, but it also made a demand for jury trial and indicated that Pontikis is alleging that he was constructively discharged. Lucid filed a motion to strike these additions. Lucid is correct on the law. The Court did not authorize Plaintiff to do more than amend his Third Amended Complaint. While not textually extensive, the amendments in addition to the deletion of Count Three require the filing of a leave to amend. Fed. R. Civ. P. 15(a)(2); LRCiv. 7.2(m)(1); *Chandler v. Brennan,* No. CV-20-00924-PHX-DWL, 2021 WL 4503423, at *3 (D. Ariz. Oct. 1, 2021), *Liza v. Deutsche Bank Nat. Trust Co.,* 714 F. App'x 620, 622 (9th Cir. 2017). And, Defendant would have had no basis to move to strike these amendments to Plaintiff's complaint before the unauthorized attempted amendments were made. Therefore, Lucid's Motion to Strike (Doc. 48) is granted.

Nevertheless, since this Court is obliged to "indulge every presumption against waiver," of the right to trial by jury, *Solis v. County of Los Angeles,* 514 F.3d 946, 953 (9th Cir. 2008) quoting *Pradier v. Elespuru,* 641 F.2d 808, 811 (9th Cir. 1981), Pontikis is authorized to file a motion seeking to amend his complaint to include the brief amendments set forth in his Second Amended complaint that were not authorized by this Court in its September 19, 2023 Order.

**2.   Pontikis's Motion for Entry of Default (Doc 49)**

Because Defendant's Motion to Strike is "otherwise defending" against Plaintiff's Complaint, Fed. R. Civ. P. 55(a), Plaintiff's Motion for Entry of Default (Doc. 49) is without merit and is denied.

**3.   Pontikis's Proposed Motion for Sanctions and Motion for Sanctions (Docs. 50 and 60)**

Defendant's Motion to Strike (Doc. 49) was merited and granted in this order, and therefore is not sanctionable. Plaintiff's Motion for Sanctions is denied. The Court finds that an award of reasonable attorney's fees to Defendant in defending against the sanctions

motion is authorized pursuant to Fed. R. Civ. P. 11(c)(2). Reasonable fees shall be awarded upon Defense Counsel's compliance with LRCiv. 54.2

    4. **Pontikis's Motion for Judgment on the Pleadings (Doc. 67) is dismissed, and Lucid's Motion to Strike Motion for Judgment on the Pleadings (Doc. 68) is denied as moot.**

Plaintiff's Motion for Judgment on the Pleadings (Doc. 67) is without merit and is dismissed. Plaintiff's Motion to Strike (Doc. 68) is denied as moot.

**IT IS THEREFORE ORDERED:**

**GRANTING** Lucid's Motion to Strike (Doc 48), but **AUTHORIZING** Plaintiff to seek to amend his complaint to contain the minimal additions included in his Second Amended Complaint that have not been authorized by the Court.

**DENYNG** Pontikis's Motion for Entry of Default (Doc. 49), Proposed Motion for Sanctions and Motion for Sanctions (Docs 50 and 60), and Motion for Judgment on the Pleadings (Doc. 67), but **GRANT|ING** to Defendants their reasonable attorney's fees incurred in defending against the Motion for Sanctions upon their compliance with LRCiv 54.2.

**DENYING** Lucid's Motion to Strike (Doc. 68) as moot.

Dated this 10th day of May, 2024.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge