1  Pavneet Singh Uppal, SBN 016805
2  Jacob R. Valdez, SBN 035634
   FISHER & PHILLIPS LLP
3  3200 N. Central Avenue, Suite 1550
4  Phoenix, Arizona 85012-2487
   Telephone: (602) 281-3400
5  Fax: (602) 281-3401
   puppal@fisherphillips.com
6  jvaldez@fisherphillips.com
7  Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Stefanos Pontikis, | Case No. 2:22-cv-02061-GMS |
| Plaintiff, | **DEFENDANT'S APPLICATION FOR ATTORNEYS' FEES PURSUANT TO THE COURT'S ORDER AT DOC. 73** |
| v. | |
| Lucid USA, Inc., a Delaware corporation, d/b/a Lucid Motors, | |
| Defendant. | |

Pursuant to the Court's Order at Doc. 73 and Fed. R. Civ. P. ("Rule") 11(c)(2), Defendant Lucid USA, Inc. (hereinafter, "Lucid" or "Defendant"), by and through its undersigned counsel, hereby submits its Application for Attorneys' Fees in compliance with LRCiv. 54.2. As addressed below, the Court has ruled that Defendant is the prevailing party on Plaintiff's frivolous Rule 11 motion at Doc. 60 and has further opined that an award of reasonable attorneys' fees in defending against the sanctions motion is appropriate. Accordingly, Defendant requests reasonable attorneys' fees in the amount of $8,888.50.

This Motion is more fully supported by the following Memorandum of Points and Authorities, the affidavit of undersigned Defense counsel and attachments thereto (**Exhibit A**), Defendant's Statement of Consultation (**Exhibit B**), all pleadings and

papers on file in this action, and such matters as may be presented to the Court during any oral argument.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   LEGAL ARGUMENT**

Pursuant to LRCiv. 54.2, an application for attorneys' fees must include a discussion of the following matters: (1) Eligibility; (2) Entitlement; and (3) Reasonableness of the Requested Award. All of the foregoing criteria support an award of reasonable attorneys' fees in favor of Defendant.

### A.   Defendant Is Eligible To Recover Its Reasonable Attorneys' Fees.

Defendant is eligible to recover its reasonable attorneys' fees in defending against Plaintiff's Rule 11 motion at Doc. 60 pursuant to Rule 11(c)(2). Rule 11(c)(2) allows a court "[to] award to the party prevailing [on the motion for sanctions] the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). In other words, the filing of a motion under Rule 11 is itself subject to sanctions if the motion violates the rule, and "[a] party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions when counter-requesting sanctions." *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001).

On November 28, 2023, Plaintiff filed his Motion for Sanctions at Doc. 60 asserting, among other things, that Defendant's Motion to Strike at Doc.48 was presented for an improper purpose. As set forth in Defendant's response at Doc. 64, Plaintiff's sanctions motion was an improper response to Defendant's Motion to Strike at Doc. 48 and wholly failed to establish any sanctionable conduct in violation of Rule 11. Plaintiff's sanctions motion was also procedurally deficient because it was not properly served upon Defendant as required by Rule 11(c). In light of the above, and because Plaintiff has been filing multiple, similarly meritless motions for the past year, which have caused Defendant to needlessly spend time reviewing and responding to variations of the same frivolous arguments (*see generally*, Docs. 24, 26-27, 31, 34, and 49), Defendant

respectfully requested its attorneys' fees for preparing its response to Plaintiff's motion pursuant to Rule 11(c)(2).

### B. The Court Has Already Ruled That Defendant Is Entitled To Recover Its Reasonable Attorneys' Fees.

Defendant is entitled to recover its reasonable attorneys' fees in defending against Plaintiff's Rule 11 motion pursuant to the Court's Order at Doc. 73. On May 13, 2024, the Court denied Plaintiff's Rule 11 Sanctions Motion and granted Defendant's request for reasonable attorneys' fees. (Doc. 73). Specifically, the Court found that "Defendant's Motion to Strike (Doc. 49) was merited and granted in this order, and therefore is not sanctionable." The Court further held "that an award of reasonable attorney's fees to Defendant in defending against the sanction motion is authorized under Rule 11(c)(2)" and "**[r]easonable fees shall be awarded** upon Defense Counsel's compliance with LRCiv. 54.2." (Doc. 73) (emphasis added). Thus, there is no question that Defendant is entitled to an award of reasonable attorneys' fees in defending against Plaintiff's frivolous Rule 11 motion.

### C. Defendant's Requested Attorneys' Fees Are Reasonable.

Once a court authorizes sanctions in accordance with Rule 11, the prevailing party must submit an application for attorneys' fees. LRCiv 54.2. The authorizing court must examine the content of this application and determine, among other things, whether the requested fees are reasonable. *Id*. LRCiv. 54.2(c)(3) sets forth a variety of factors that the Court should take into consideration in determining the reasonableness of an attorneys' fees request. The factors that have the largest bearing on this case are "the time and labor required of counsel" and the reasonableness of the rates charged by Defense counsel.[1]

---

[1] Some of the listed factors under LRCiv. 54.2 are not relevant to the requested fee award and therefore are not discussed or addressed in this fee application or attachments thereto, including: (B) "The novelty and difficulty of the questions presented"; (C) "The skill requisite to perform the legal service properly"; (D) "The preclusion of other employment by counsel because of the acceptance of the action"; (G) "Any time limitations imposed by the client or the circumstances"; (J) "The 'undesirability' of the case"; and (K) "The nature of and length of the professional relationship between the attorney and the client".

FP 50831534.1

In general, reasonable attorneys' fees incurred in litigating an action should be calculated according to the "lodestar" method. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This figure is determined by multiplying "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The application for fees should include evidence supporting the number of hours worked and the rates requested for the work. *Id*. at 434. In determining the number of hours reasonably expended, the court has discretion to exclude hours which are "excessive, redundant, or otherwise unnecessary." *Id*.

### 1.  Time And Labor Required Of Counsel.

Defendant seeks compensation for a total of 20.4 hours of billed time for Associate Jacob R. Valdez, and a total of 5.1 hours of billed time for Partner Pavneet Singh Uppal. This represents the amount of fees reasonably incurred by Defendant in connection with: (1) reviewing and analyzing Plaintiff's Proposed Motion for Sanctions (Doc. 50), Plaintiff's Motion for Sanctions (Doc. 60), and Plaintiffs Reply in support of his Motion for Sanctions (Doc. 65); (2) legal research regarding Rule 11 sanctions; (3) preparing Defendant's response to Plaintiff's Motion for Sanctions; and (6) preparing Defendant's own sanctions request. (**Exhibit 1**, Task-Based Itemized Statements of Fees attached to **Exhibit A**). The requested amount is reasonable and appropriate. Counsel for Defendant spent only the minimum amount of time needed to accomplish the legal tasks for which fees are sought, which is represented in the modest amount of the requested award. Indeed, rather than responding to all of Plaintiff's frivolous arguments in his sanctions motion, Defendant only responded to those that clearly warranted a response. Defendant's response to Plaintiff's Rule 11 motion also required Defense counsel to provide a detailed history of Plaintiff's numerous frivolous filings, not just in this Court but in the Ninth Circuit Court of Appeals as well. Only one associate attorney, Jacob R. Valdez, billed significant amounts of time to any of the tasks identified in the Task-Based Itemized Statements of Fees attached to Exhibit A.

FP 50831534.1

### 2. Reasonableness Of The Rates Charged By Counsel.

The reasonableness of the hourly rate to be awarded must be determined with consideration of the "experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The Court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 1210-11. Here, Defendant seeks recovery of its attorneys' fees at highly discounted rates of $295/hour for Partner Pavneet Singh Uppal, and $260/hour for Associate Jacob R. Valdez. These rates are reasonable and generally in accordance with the rates charged by other lawyers in the community with similar experience and education. (**Exhibit A**, ¶¶ 6-7) In fact, these rates are also well below the standard hourly rates charged by Mr. Uppal and Mr. Valdez. Mr. Uppal's standard hourly rate is $675, and Mr. Valdez's standard hourly rate is $435 (**Exhibit A,** ¶ 7). Thus, the hourly rates charged by Defense counsel are completely reasonable and consistent with the prevailing rates in the local market. *See, e.g.*, *Angel Jet Servs., LLC v. Giant Eagle, Inc*., 2013 WL 11311729, at *7 (D. Ariz. Apr. 17, 2013) (finding that hourly rates from $120 to $520 were reasonable in Phoenix); *Ogden v. CDI Corp*., 2013 WL 1149913, at *4-5 (D. Ariz. Oct. 11, 2012) (finding rates of $300 for a partner and $230 for a senior associate to be reasonable).

### D. Defendant Should Be Awarded Its Reasonable Attorneys' Fees Incurred In Preparing This Application.

Defendant has also incurred fees in preparing this application. A party that is entitled to an award of attorneys' fees is entitled to compensation for time expended on an application for attorneys' fees. *Pure Wafer Inc. v. City of Prescott*, 2014 WL 3797850, at *11 (D. Ariz. July 29, 2014), quoting *Southeast Legal Defense Group v. Adams*, 657 F.2d 1118, 1126 (9th Cir. 1981) ("It would be inconsistent with the purpose of (the statute) to dilute an award of fees by refusing to compensate an attorney for time spent to establish a reasonable fee"). The District of Arizona has also recognized that Arizona law supports the recovery of attorneys' fees incurred in preparing a fee application. *Gametech*

*Int'l, Inc. v. Trend Gaming Sys.*, LLC, 380 F.Supp.2d 1084, 1101 (D. Ariz., August 4, 2005) (citing *Schweiger v. China Doll Rest. Inc*., 673 P.2d 927, 932 (AZ Ct. App. 1983)). Defendant's entitlement to these fees is a matter of sound judicial discretion supported by relevant case law. Accordingly, Defendant respectfully requests the Court to compensate Defendant for eight (8) hours of time spent in preparing this application at a rate of $260 per hour ($2,080.00).

## II.   CONCLUSION

For the above and foregoing reasons, Defendant respectfully requests an award of reasonable attorneys' fees against Plaintiff in the total amount of $8,888.50.

RESPECTFULLY SUBMITTED this 4th day of June 2024.

FISHER & PHILLIPS LLP


By s/ Jacob R. Valdez
    Pavneet Singh Uppal
    Jacob R. Valdez
    3200 N. Central Avenue, Suite 1550
    Phoenix, Arizona 85012-2487
    Attorneys for Defendant

FP 50831534.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of June 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and I hereby certify that a copy of the foregoing document was served through the CM/ECF System and via U.S. Mail, postage prepaid on the following:

Stefanos Pontikis
4475 Trinity Mills Rd.
Ste. 700092
Dallas, TX 75370
(586) 610-3421
stevepontikis@gmail.com
Plaintiff

 s/  Michelle C. Xochicale

7

FP 50831534.1