**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stefanos Pontikis, | No. CV-22-02061-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Lucid USA Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Attorney Fees (Doc. 78) and Defendant's Motion for Protective Order (Doc. 87). The Court will address each in turn.

## I.     Motion for Attorney Fees

The Court previously denied Plaintiff's Proposed Motion for Sanctions and Motion for Sanctions (Docs. 50 and 60) and awarded reasonable attorney's fees to Defendant in defending against the sanctions motion pursuant to Federal Rule of Civil Procedure 11(c)(2). (Doc. 73 at 2-3). Defendant now seeks $8,888.50 in attorneys' fees for the time incurred in responding to the sanctions motion and in preparing the request for attorney's fees. (Doc. 78 at 6). For the reasons stated herein, the Motion is granted in the amount of $8,290.50.

"The central purpose of Rule 11 is to deter baseless filings." *Newton v. Thomason*, 22 F.3d 1455, 1463 (9th Cir. 1994). Rule 11(c) authorizes the Court to award to the prevailing party on a motion for sanctions "the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2); *see also Buster v. Greisen*, 104

F.3d 1186, 1190 n.5 (9th Cir. 1997) ("[T]he Rule's plain text . . . now provides that 'the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.'") (quoting Fed. R. Civ. P. 11(c)(1)(A)). "Awarding attorneys' fees to a party that has defeated a Rule 11 sanctions motion[] is a matter squarely within the Court's discretion." *arrivia Inc. v. Rowley*, No. CV-23-1039, 2024 WL 3010935, at *4 (D. Ariz. June 14, 2024). Once the Court awards attorneys' fees, the prevailing party must submit a memorandum in support of its motion for award of attorneys' fees that addresses that party's eligibility for fees, entitlement to fees, and the reasonableness of the requested award. LRCiv. 54.2(c).

Plaintiff asserts that Defendant is not eligible to recover attorneys' fees because Defendant is not the prevailing party and because Defendant's application for fees lacks merit. (Doc. 80). Defendant, however, is both eligible and entitled to recover its reasonable attorneys' fees. *See* LRCiv. 54.2(c). The Court considered the merits of Plaintiff's Motion for Sanctions and denied the Motion. (Doc. 73). The Court exercised its authority, pursuant to Federal Rule of Civil Procedure 11(c)(2), to grant Defendant, the prevailing party, reasonable attorneys' fees. (*Id*.).

Defendant submitted its application for attorneys' fees in accordance with Local Rule 54.2. (Doc. 78). Defendant's hours billed in this matter are reasonable under the circumstances, and the hourly rates charged by counsel—$295 for Partner Pavneet Singh Uppal and $260 for Associate Jacob R. Valdez—are reasonable. The Court in its discretion, however, declines to award the fees incurred in the December 11, 2023 minute entry as no Rule 11 sanctions against Plaintiff, aside from this attorney's fees award have been entered. Therefore, the Motion is granted in the reduced amount of $8,290.50.

**II.     Motion for Limited Protective Order**

Defendant filed a Motion for Limited Protective Order (Doc. 87). For the reasons herein, the Motion is denied.

"It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S.*

*Dist. Ct.–N.D. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).  Rule 26(c) authorizes the Court "to override this presumption where 'good cause' is shown." *Id.* (quoting Fed. R. Civ. P. 26(c)).  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  The party seeking protection must make "a particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News*, 187 F.3d at 1103.

Generally, "[g]lobal protective orders are not appropriate." *Rose v. Dignity Health*, No. CV-21-00775, 2021 WL 5084277, at *1 (D. Ariz. Nov. 2, 2021).  "However, in some circumstances, umbrella protective orders are permissible." *Stoneman v. Experian Info. Sols. Inc.*, No. CV-22-00916, 2022 WL 16640667, at *1 (D. Ariz. Oct. 25, 2022).  In such cases, "the movant must make a preliminary showing of good cause, which requires limiting the scope of the protective order to well-defined categories for which the existence of good cause can be determined." *Id.*; *see also Ladner v. RentGrow Inc.*, No. CV-23-00867, 2023 WL 4661817, at *1 (D. Ariz. July 20, 2023) (same).

Here, Defendant has not made a preliminary showing of good cause.  Defendant proposes a limited protective order that includes seven categories of document topics:

> (1) personnel files or other records of any current or former Lucid employee; (2) earnings and wage information of any current or former Lucid employee; (3) trade secrets, proprietary information, commercial information; (4) confidential records related to nonparties; (5) protected health information of parties or non-parties to this litigation; (6) protected tax information of parties or non-parties to this litigation; and (7) any other confidential information relating to Lucid or its affiliated entities.

(Doc. 91 at 3; Doc. 87 at 2).  Defendant asserts, generally, that some of the documents requested in these categories will include confidential information such as "nonpublic information, proprietary information, commercially sensitive information, medical

information, and other confidential information relating to Lucid and its current and former employees." (Doc. 87 at 1).  However, Defendant provides no further explanation for why such information requires a blanket protective order.  Defendant must offer more than a general declaration "that documents sought by Plaintiffs might reveal confidential information that could cause it harm." *Gann v. Gen. Motors LLC*, No. CV-22-00080, 2022 WL 3552484, at *4 (D. Ariz. Aug. 18. 2022); *see also Rose*, 2021 WL 5084277, at *3 ("Defendant's 'confidential business information' [category] is too generalized and vague to qualify for a protective order . . . Defendant must make a more particularized showing of the documents or information to be protected and the reason why such information would qualify for protection.").  And, although Defendant's proposed order contains a provision allowing Plaintiff to challenge the confidentiality designation of any document and seek a resolution by the Court as to whether protection is warranted, (Doc. 87 at 5), this provision does not negate Defendant's burden of proving that a protected document contains confidential information under Rule 26(c).  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (holding the district court abused its discretion by entering a blanket protective order without requiring the moving party "show that specific discovery documents, whether eventually filed with the court or not, contained [confidential] information").

Defendant provided no explanation as to what the confidential information might be and the harm Defendant would experience if the information was not protected.  *Contra Gann*, 2022 WL 3552484, at *4 (finding Defendant met its burden under Rule 26(c) to show good cause by attaching a declaration in support of its motion [for an umbrella order] "that goes into considerable detail explaining what the confidential business and engineering information is and why it is so important to GM, the steps GM takes to ensure that this information is kept confidential even within GM, and how disclosure of the information would expose GM to harm if not protected"); *contra also IceMOS Tech. Corp. v. Omron Corp.*, No. CV-17-2575, 2019 WL 5268872, at *3 (D. Ariz. Oct. 17, 2019) (holding valid a blanket protective order that was narrowly tailored to "protect only

material that, if in the wrong hands, could harm their businesses").

Because Defendant did not make a preliminary showing of good cause, Defendant's proposed limited protective order is denied.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Attorneys' Fees and Costs (Doc. 78) is **granted in part**. Plaintiff is hereby awarded attorneys' fees in the amount of $8,290.50. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Defendant's Motion for Limited Protective Order (Doc. 87) is **denied** without prejudice.

Dated this 28th day of February, 2025.

_____
G. Murray Snow
Senior United States District Judge